## CLARK'S EXECUTORS *vs.* STRYKER and others.

The release in question in this case, *held* to have been intended to relieve the land from the lien of a mortgage, and not to remedy a defect in title; the release purporting to be a complete release of the party's right in the premises, without limitation, exception, or reservation, and there being no indication in the instrument itself that it was intended merely to remedy a defect in title, and no evidence that such defect, in fact, existed.

On final hearing, on pleadings and state of the case.

*Mr. A. V. Schenck,* for complainants.

*Mr. W. Strong,* for defendants, Van Doren and Wyckoff.

THE CHANCELLOR.

The question submitted is, as to the operation of a release executed to Paul Beardslee by the executors of Edward Van Harlingen, deceased, on the 30th of April, 1855. The executors appear to have sold and conveyed to Beardslee, on or about the 30th of March, 1852, certain real estate in the township of Hillsborough, in the county of Somerset. The property consisted of two tracts; one, a farm of eighty and a-half acres, and the other, described as a tract of woodland, containing seventeen and a-half acres. The last tract really contained much more land than that amount. On the above mentioned date, Beardslee and his wife gave to the executors a mortgage on the whole of those premises to secure the payment of $2850, with interest, on the 1st of April, 1853. This mortgage was acknowledged the same day, and recorded the next day. On the 20th of March, 1854, Beardslee conveyed the tract of eighty and a-half acres to John G. Simonson and John V. Egbert, and on the 1st of February, 1855, he conveyed, by warranty deed, with the usual full covenants, including covenant against encumbrances, part of the wood-

land to John P. Staats, and the rest to George Wetherell. On the 30th of April, 1855, about two months after the conveyance by Beardslee of the woodland as above, the executors, who were then still the owners of the mortgage, executed and delivered to Beardslee a release of the woodland, whereby, in consideration of $1.00, they granted, remised, released, and forever quit-claimed to him and his heirs and assigns forever, the tract of woodland, (the release stating that he had "purchased it and sold it again,") together with all and singular the hereditaments and appurtenances thereto belonging, or in any wise appertaining, and the reversion and reversions, remainder and remainders, rents, issues, and profits thereof, and all the estate, right, title, interest, claim, and demand of the executors, either in law or equity, of, in, and to the premises, with the hereditaments and appurtenances, to have and to hold to him, his heirs and assigns, to his and their only proper use forever. The release describes the property as the woodland belonging to the estate of Edward Van Harlingen, deceased, at the time the executors sold his real estate. By various mesne conveyances, the title to the two portions of woodland had, at the commencement of this suit, become vested in two of the defendants; John M. Wyckoff being the owner, by conveyance to him, dated April 1st, 1860, of the part sold to Wetherell; and Peter S. Van Doren, by conveyance dated March 30th, 1860, of the other part. The release above mentioned was recorded May 15th, 1855.

By their answers in this cause, Wyckoff and Van Doren claim that they are entitled to the benefit of the release. The complainants, however, to whose testator the executors of Van Harlingen assigned the mortgage on the 6th of December, 1862, insist that the release was not intended to affect the lien or operation of the mortgage, but only to supply the apparent defect in the title, occasioned, as they allege, by the loss of the deed from them to Beardslee. In support of this theory, they adduce a deed of release made by the executors of Van Harlingen, dated July 20th, 1866, for the purpose of supplying the defect in the title of the tract of eighty and

a-half acres, from the loss of the deed from Van Harlingen's executors to Beardslee. It is to be observed, however, that this last deed is made not to Beardslee, but to Edward Manning, to whom the grantee of Simonson and Egbert had conveyed that property by deed, dated April 13th, 1866, and that it recites the sale by them to Beardslee, his neglect to have the deed recorded, the loss of the deed, Manning's ownership of the premises, the defect in the title, from the loss of the deed unrecorded, the receipt by Van Harlingen's executors of the purchase money in full from Beardslee, and that they had, in equity and justice, no claim or title to the tract of eighty and a-half acres. When this release was executed, which was at its date, the executors of Van Harlingen had parted with the mortgage. They assigned it, as above stated, on the 6th of December, 1862. There is nothing in the release given for the woodland which indicates that it was intended merely to remedy the defect in the title occasioned by the loss of the deed for the property. Nor does it appear, either by the release or by the case, that that deed was then lost. The release to Beardslee was made more than eleven years before the release to Manning. The latter exactly expresses its purpose and object, which was to confirm Manning's title, while the former release is general in its terms. But it is urged that the fact that the release was made to Beardslee, and not to his grantees, is evidence that it was not intended to affect the lien of the mortgage. It is to be remembered, however, that Beardslee had conveyed with warranty. It was incumbent on him to obtain a release of the mortgage. He appears to have done so when his grantees were about to convey the premises; for the deed from Staats for the part of the premises conveyed to him is dated April 30th, 1855, the date of the release to Beardslee, and the deed from Wetherell is dated on the 26th of that month. The release to Beardslee was recorded, as above stated, on the 15th of May, 1855. When the defendants, Van Doren and Wyckoff, purchased the premises, it was on the record, therefore. It purported to be a complete release to Beardslee, his

heirs and assigns, of all the executors' right in or to the premises, whether at law or in equity, without limitation or exception or reservation. Beardslee's deeds, under which they held, conveyed the property free from encumbrance, with covenant of warranty general. At the time of making that release, Van Harlingen's executors held the mortgage.

The executors of Van Harlingen would not be permitted, under these circumstances, to enforce the mortgage against Van Doren and Wyckoff. Of course the complainants, their assigns, are in no better situation.